UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIE HOOD                                                         CIVIL ACTION

VERSUS                                                              NO. 13-5853

COMMISSIONER FOIL ET AL.                                            SECTION "I" (2)

## REPORT AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Willie Hood, was a prisoner incarcerated in the St. Tammany Parish Jail. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against St. Tammany Parish Commissioner Foil and Public Defenders John W. Linder, II and Michael Capdeboscq, alleging that he was denied a preliminary examination. Record Doc. No. 1 (Complaint).

Specifically, plaintiff's complaint states the following:

"My Constitution of 1074 Article I: Declaration of Rights Louisiana has been violated. Section 24. Right to Preliminary Examination was however denied by all parties. Also, Sec. 12, 16, 1, 2, and 3. The[y] all were violated on March 03-1-13 which, was the day I requeste[d] for a Preliminary Examination right before the Commissioner Foil.

Id., Complaint at ¶ IV, p. 5.

In the relief portion of his complaint, Hood states:

I only pray that this matter will be corrected in the most proper way and award to me what is due $150,000 for going through all this uncall[ed] for mental distrubs (sic) place that's all I ask because this is not right for to be violated like this o.k. I just want to be treated like an American Citizen just as well. "Whatever happen[ed] to We the People?"

Id. (Complaint at ¶ V).

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners and by others proceeding in forma pauperis must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint must be dismissed either under 28 U.S.C. § 1915(e) as legally frivolous or because it is barred under applicable United States Supreme Court law for the following reasons.

II.  PUBLIC DEFENDERS ARE NOT STATE ACTORS

St. Tammany Parish Public Defenders John W. Linder, II and Michael Capdeboscq, who are sued in this action under Section 1983, are attorneys who allegedly acted as public defenders representing plaintiff in his state court criminal proceedings.

3

To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) <u>by one acting under color of state law</u>. <u>James v. Texas Collin County</u>, 535 F.3d 365, 373 (5th Cir. 2008); <u>Calhoun v. Hargrove</u>, 312 F.3d 730, 734 (5th Cir. 2002); <u>Mississippi Women's Med. Clinic v. McMillan</u>, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that Linder and Capdeboscq's actions are "fairly attributable to the state." <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988); <u>accord</u> <u>Johnson ex rel. Wilson v. Dowd</u>, 305 Fed. Appx. 221, 2008 WL 5212795, at *2 (5th Cir. 2008); <u>Cornish v. Correctional Servs. Corp.</u>, 402 F.3d 545, 549 (5th Cir. 2005).

The law is clear that under no circumstances can these defendants, as public defender attorneys for Hood in his criminal case, be considered state actors as a matter of law. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Small v. Dallas County</u>, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing <u>Hudson v. Hughes</u>, 98 F.3d 868, 873 (5th Cir. 1996); <u>Mills v. Criminal Dist. Ct. No. 3</u>, 837 F.2d 677, 679 (5th Cir. 1988)). Because these defendants are <u>not</u> state actors, plaintiff's Section 1983 claims against them have no basis in federal law, and they must be dismissed because Hood failed to state a cognizable claim against them.

III.   JUDICIAL IMMUNITY

Plaintiff's claims against St. Tammany Parish Commissioner Foil are barred by judicial immunity. A commissioner is a state judicial officer who handles preliminary criminal matters in a state magistrate court. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-

42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against this defendant. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Furthermore, to whatever extent, if any, that Hood seeks an order of this court directing the judge to take action concerning plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973);

Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). This court is without authority to order officials of the state court having jurisdiction over plaintiff's criminal case to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Hood's claims against Commissioner Foil concern actions that are exclusively within the scope of his role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Hood's suit against Commissioner Foil. For these reasons, all of Hood's claims against this defendant must be dismissed as legally frivolous or for failure to state a claim for which relief can be granted, all because this defendant is immune. 28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2).

IV.   HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Read broadly, Hood's complaint seeks declaratory, injunctive and monetary relief. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement or conviction which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks injunctive relief. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his prior confinement and criminal proceedings in the state court. <u>Heck</u>, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); <u>Ruiz v. Hofbauer</u>, 325 F. App'x 427, 431 (6th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 413

8

(2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from palintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Penley v. Collin County, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Hood's complaint indicates that he was arrested on February 27, 2013, and that at the time of filing this complaint, he was in custody in the St. Tammany Parish Jail. Record Doc. No. 1, (Complaint at ¶ III. A., p. 3). Research by staff of the undersigned magistrate judge with the St. Tammany Parish Jail confirmed that on October 14, 2013, Hood was sentenced to six months in prison after his conviction on charges of simple burglary and simple criminal damage to property. Thereafter, on October 16, 2013, Hood was released with credit for time served. Hood's conviction and sentence has not been set aside in any of the ways described in Heck. Thus, any claims for relief that he asserts, challenging his confinement and subsequent conviction and sentence are barred under

9

Heck. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous under 28 U.S.C. § 1915(e)(2) or under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___31st___ day of October, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.